**B–W ACCEPTANCE CORPORATION,**
Plaintiff-Respondent,

v.

**Arlan V. BENACK and Doris Jeanne Benack,**
Defendants-Appellants.

No. 32798.

St. Louis Court of Appeals.

Missouri.

Dec. 19, 1967.

Ackert & Tompkins and Herbert Wolkowitz, St. Louis, for appellants.

Wayne H. Bigler, Jr., Clayton, for respondent.

CLEMENS, Commissioner.

The essential issue here is the defendants' contention that the trial court erred by ordering a separate trial on the issue of plaintiff's right to possession in a statutory landlord-tenant suit—separate from the landlord's claim for unpaid rent and the defendants' counterclaim for damages for tortious conspiracy to defraud. Lesser issues are the defendants' right to a continuance and their contention that six months' rent is not "a half year's rent."

On the separate trial for possession the plaintiff landlord got a verdict and judgment, and the defendant tenants have appealed. The separate judgment, although not truly final, is based on a jury verdict and is therefore considered final for the purpose of appeal. Civil Rule 82.06, V.A. M.R. By agreement the defendants have filed a partial transcript—228 pages of filings and orders, but no evidence.

Before summarizing those parts of the transcript necessary for our decision, we comment briefly on the statutes under which plaintiff brought its action. Chapter 535, V.A.M.S., entitled "Landlord-Tenant Actions in Magistrate Courts," is a simple and expeditious procedure for regaining possession of property for nonpayment of rent. Carbonetti v. Elms, Mo.App., 261 S.W. 748[6]. By § 535.010 the landlord's right to relief arises when "default shall be made in the payment of the rents at the time or times agreed upon by the parties." By § 535.040 the owner may sue either for possession and rent or for possession alone. Although §§ 535.020 and 535.040 require the landlord to make prior demand for the unpaid rent, by § 535.120 no previous demand is required when a half year's rent or more is in arrears. Carbonetti v. Elms, supra.

On May 3, 1966, plaintiff filed a petition in the magistrate court alleging that it held a lease on the property and in turn had rented it to defendants for a month-to-month rental of $562.50, and that defend-

ants owed plaintiff $3,375 for a half year's rent for the period December 1, 1965, to May 31, 1966. Plaintiff prayed for possession and for $2,000 of the rent, that amount being the limit of magistrate jurisdiction. The defendants answered and counterclaimed. They denied plaintiff's corporate status, denied renting the property from plaintiff, and asserted they held the property as tenants of another landlord. The defendants' 20-page counterclaim alleged an involved tortious conspiracy to defraud and claimed $95,000 actual and $600,000 punitive damages. On defendants' motion the cause was certified to the circuit court.

There the plaintiff filed a motion for a separate trial on the issue of possession alone, alleging: "Plaintiff is being irreparably damaged by the delay inherent in awaiting trial on all of the issues presented and alleged in defendant's Counterclaim since neither plaintiff nor defendants is presently using the premises involved and plaintiff is obliged to pay a large rental for said premises while being unable to get possession of the same." The plaintiff contended that suits for possession were "intended by the Legislature to be summary proceedings and speedily heard and that part of this action can be so heard without adversely affecting defendant's Counterclaim." On August 16, 1966, the court granted this motion and gave the separate trial a peremptory setting. Thereafter the defendants filed—and the court denied—motions to dismiss, for judgment on the pleadings, and for summary judgment. The defendants then filed 101 interrogatories. The court granted defendants' request for admissions and motion to inspect but later denied their motion for a continuance. On September 26, 1966, the case went to trial on the separate issue of plaintiff's right to possession.

The case was submitted to the jury on the factual issues of whether the plaintiff had a lease on the property, whether it had rented the property to defendants for a month-to-month rent of $562.50, and whether defendants owed rent for the period December 1, 1965, to May 31, 1966. The jury found for the plaintiff; judgment for possession, after-trial motions and this appeal followed.

As said, the defendants insist that the court erred in ordering a separate trial on the issue of possession. Civil Rule 66.02, V.A.M.R., declares: "The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims or issues." Granting a separate trial is discretionary with the trial court and its ruling will be disturbed only if that discretion is abused. Hays v. Proctor, Mo.App., 404 S.W.2d 756[11]; Lightfoot v. Jennings, 363 Mo. 878, 254 S.W.2d 596[4]. One of the obvious purposes of this separate trial rule is to avoid delay. The rule substantially follows Federal Rule of Civil Procedure 42(b). See Vol. 2B, Barron and Holtzoff, Federal Practice and Procedure, § 943, quoting Collins v. Metro-Goldwyn Pictures Corp., C.C. A.2d, 106 F.2d 83, 1. c. 87: "* * * the trial judge has a practical discretion to dispose of them together, but when the natural course of trial indicates that one claim can be disposed of quickly and summarily while the other will require a considerable trial, separation should be possible save in cases where the facts are so inextricably interwoven that it is impossible or at least manifestly unfair."

That very situation was before the trial court here: On the one hand, delay in getting possession was burdening plaintiff with a continuing obligation to pay rent to its own lessor, and plaintiff was seeking to regain possession under a statute designed to afford a simple and expeditious remedy. On the other hand, the defendants had filed a complex counterclaim involving complicated issues that defendants had still not developed for trial. We hold that the order separating the simple possessory issue from the complex monetary issues was in the in-

terest of justice and in accord with Civil Rule 66.02, V.A.M.R.

The defendants argue that the order for a separate trial was erroneous because there may be "a multiplicity of suits with possible contrary results." This "contrary results" argument is based on defendants' contention that their counterclaim for damages in tort could be used as a defense to the plaintiff's claim for possession. We say no. Simply stated, the plaintiff's right to possession was based on the defendants' default "in the payment of the rents at the time or times agreed upon by the parties." The defendants sought to defeat that right to possession by interposing an unliquidated counterclaim for an alleged tort. They cite no authority allowing that as a defense to the claim for possession, and we find none.

The defendants would ignore the distinction between a claim for possession based on unpaid rent and a claim for a money judgment for the unpaid rent itself. They were easy to separate. The claim for possession has now been adjudicated; the claim for rent is still before the court and may be determined simultaneously with defendants' counterclaim. The separate trial did not complicate the issues; it clarified them. A repetition of some of the evidence may occur, but that is not an unreasonable price to pay for the prompt adjudication of plaintiff's claim for possession. Looking now at the issue of separate trial as it appeared to the trial court when presented, we uphold its ruling.

■ After the court ordered the separate trial on the issue of possession, the defendants filed a motion for a continuance. The essence of the motion—and the argument now made—is that there should not be a separate trial. For the reasons previously stated, we hold there was no abuse of discretion in refusing to grant a continuance.

■ In three related points the defendants say the court erred in denying their motions to dismiss, for judgment on the pleadings, and for summary judgment. Each point is based on the defendants' contention that plaintiff failed to plead that it had made a demand on defendants for the unpaid rent. As said, § 535.120, V.A.M.S., excuses a landlord from making a demand for rent whenever a half year's rent or more is in arrears. Plaintiff pleaded that rent was due for the period December 1, 1965, to May 31, 1966. But the defendants now argue that was not "a half year's rent." This, they say, because § 1.020(6), V.A. M.S., defines "year" as a calendar year and because the pleaded period has only 182 days—half a day short of a half year. This statute does say "year" means "a calendar year unless otherwise expressed" and is "equivalent to the words 'year of our Lord.'" But the statute also declares that its definitions shall apply "unless plainly repugnant to the intent of the legislature or to the context thereof." Further, one of the cardinal principles of construing remedial legislation is that courts are to consider the evil sought to be cured and "to make such construction as shall suppress the mischief, and advance the remedy, and to suppress subtle inventions and evasions for the continuance of the mischief." Decker v. Deimer, 229 Mo. 296, 129 S.W. 936[4].

■ Standing alone, the word "year" may well mean a calendar year and the phrase "a half year" may well mean 182½ days, but all this disregards the word "rent". The phrase before us is "a half year's rent." Considering the remedial nature of the statute and applying that phrase to a situation where month-to-month tenants had failed to pay their rent for six consecutive months, we rule that a half year's rent was due and that the plaintiff was entitled to bring this action without making previous demand on the defendants.

The judgment on the separate trial for possession is affirmed.

PER CURIAM:

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, the judgment on the separate trial for possession is affirmed.

ANDERSON, P. J., and RUDDY and WOLFE, JJ., concur.