HAMILTON MUSIC, INC.,
Plaintiff-Appellant,

v.

Donald E. YORK and Ronald E. Mahan, d/b/a Don and Ron's Music Center, Defendants-Respondents.

No. KCD 29327.

Missouri Court of Appeals, Kansas City District.

May 1, 1978.

James W. Drese, Chesterfield, for plaintiff-appellant.

Hendren & Andrae, Kelly Pool, Michael A. Dallmeyer, Jefferson City, for defendants-respondents.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

SOMERVILLE, Presiding Judge.

Hamilton Music, Inc. (hereinafter plaintiff) filed a three count action against Donald E. York and Ronald E. Mahan, d/b/a Don & Ron's Music Center (hereinafter defendants), in the Circuit Court of Cole County, Missouri. The action was inspired by a franchise agreement to operate a retail music store in Jefferson City, Missouri, and related business dealings between the parties. Plaintiff was the franchisor and holder of a certain promissory note; defendants were the franchisee and makers of the promissory note. Count I of plaintiff's petition was an action on the promissory note, Count II thereof was an action for royalties due and owing under the franchise agreement, and Count III thereof was an action for money owed on an open account. Defendants filed a counterclaim seeking damages for plaintiff's breach of the franchise agreement.

At the close of the plaintiff's case defendants' motion for a directed verdict in favor of defendants and against plaintiff as to Count II of plaintiff's petition was sustained by the trial court. The remaining two counts of plaintiff's petition and defendants' counterclaim were submitted to the jury under appropriate instructions with the following results. As to Count I of plaintiff's petition (action on the promissory note), the jury returned a verdict in favor of defendants and against plaintiff; as to Count III of plaintiff's petition (action on the open account), the jury returned a verdict in favor of plaintiff and against defendants in the sum and amount of $7,971.79; and as to defendants' counterclaim the jury returned a verdict in favor of defendants and against plaintiff in the sum and amount of $12,500.00. The parties acquiesced to all of the judgments entered on the various verdicts excepting only the judgment entered in favor of defendants and against plaintiff in the sum and amount of $12,500.00 on defendants' counterclaim, and from this letter judgment plaintiff timely appealed.

 Two points are relied on by plaintiff on appeal. The first point—"[t]he court erred in failing to permit appellant [plaintiff] to introduce a certain check written by respondents [defendants] on a pre-printed check, with appellant's [plaintiff's] name on it"—is so beset with procedural attrition that nothing is preserved for appellate review. Rule 84.04(d) commands that the "points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and *wherein and why* they are claimed to be erroneous . . .". (Emphasis added.) The mere espousal of purported error, unaccompanied by a statement as to "wherein and why" it is claimed to be erroneous, does not comply with Rule 84.04(d), supra, and preserves nothing for appellate review. Absent the incorporation of a statement as to "wherein and why" an action or ruling of the trial court is claimed to be erroneous, an appellate court is presented with nothing more than an abstraction and no duty evolves upon it to search the transcript or

seine the argument portion of a brief to supply the missing ingredients of an errant "point relied on". *Lee v. Rolla Speedway, Inc.*, 539 S.W.2d 627, 629–630 (Mo.App. 1976); and *Dors v. Wulff*, 522 S.W.2d 325, 327 (Mo.App.1975).

 Plaintiff's final point, that the trial court erred in not admitting Exhibits No. 4, 5, 6 and 8 offered by plaintiff as "business records", is at best a bare bones compliance with Rule 84.04(d). Exhibits No. 4, 5 and 6, after being tersely identified as letters from plaintiff's files, were offered into evidence under the guise of constituting "business records" and, hence, admissible as exceptions to the hearsay rule. Defendants' objections to these exhibits were sustained by the trial court. Plaintiff at the time apparently concurred with the trial court's ruling because it made no offer of proof of any kind, and, more particularly, no offer of proof that so much as even hinted or suggested that the exhibits were prepared in such a manner as to fall within the purview of Sections 490.660 to 490.690, commonly cited as "The Uniform Business Records As Evidence Law". As succinctly stated in *Hays v. Western Auto Supply Company*, 405 S.W.2d 877, 881 (Mo.1966), "[n]othing is preserved for appellate review when a court rejects evidence, in the absence of an offer of proof." This excerpt from *Hays* was cited with approval and relied on in *Tile-Craft Products Co., Inc. v. Colonial Properties, Inc.*, 498 S.W.2d 547, 549 (Mo.1973), wherein the court held that when a rejected exhibit purportedly constituting a business record was unaccompanied by an offer of proof, nothing was preserved for appellate review insofar as the rejected exhibit was concerned. Regarding plaintiff's Exhibit No. 8, it too was declared inadmissible by the trial court. However, as some semblance of an offer of proof was made by plaintiff when it was rejected to ostensibly warrant its admission, the ruling of the trial court thereon will be treated as preserved for purposes of appellate review. With respect to Exhibit No. 8 offered by plaintiff, an employee of plaintiff testified that it was a computer print-

out prepared by Westinghouse Credit Corporation, a stranger to the litigation, rather than by plaintiff. Plaintiff's emaciated offer of proof indicated that it received the computer print-out from Westinghouse Credit Corporation and retained the same in its files as part of its business records. Flying in the face of plaintiff's claim of admissibility is the previously mentioned testimony from plaintiff's employee that the exhibit in question was not prepared by an employee of plaintiff but that it was prepared by someone at Westinghouse Credit Corporation. A quick perusal of Sec. 490.680, RSMo 1969, discloses that plaintiff's offer of proof and what little evidence there was of record failed to qualify plaintiff's Exhibit No. 8 for admission into evidence as a business record: "A record of an act, condition or event, shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission." By no stretch of legal imagination did the exhibit's mere presence in plaintiff's files render it admissible as a business record under Sec. 490.680, supra. Not even generalities, much less particularities, as to the time, mode and manner of its preparation by its "custodian or other qualified witness" were ever broached or touched upon in plaintiff's offer of proof. This alone sealed the fate of the controversial exhibit from being qualified for admission into evidence under Sec. 490.680, supra. *Del Monte Corp. v. Stark & Son Wholesale, Inc.,* 474 S.W.2d 854, 857 (Mo.App.1971). In the same vein, when the status of the record is such that it discloses that an exhibit was not made in the ordinary course of the offerer's business but was instead prepared elsewhere and merely found in the offerer's files, it is inadmissible as a business record under Sec. 490.680, supra. *State v. Anderson,* 413 S.W.2d 161, 165 (Mo.1967); and *Rodenberg v. Nickels,* 357 S.W.2d 551, 557 (Mo.App.1962). For reasons stated, the tri-

al court did not err in rejecting Exhibits No. 4, 5, 6 and 8 offered by plaintiff.

Judgment affirmed.

All concur.