**INTERNATIONAL HARVESTER CREDIT CORPORATION,** Plaintiff-Respondent,

v.

**Frank FORMENTO,** Defendant-Appellant.

**No. KCD 30460.**

Missouri Court of Appeals, Western District.

Dec. 31, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 4, 1980.

Application to Transfer Denied March 11, 1980.

Richard N. Brown, Brookfield, for defendant-appellant.

Wayne E. Schirmer, Moberly, for plaintiff-respondent.

Before WASSERSTROM, C. J., and WELBORN and SMITH, Special Judges.

WASSERSTROM, Chief Judge.

Replevin action to repossess trucks and dump bodies allegedly covered by a security agreement. Defendant filed a counterclaim in six counts based on breach of warranty, breach of strict liability in tort, excessive payment, and conspiracy to coerce. In connection with his counterclaim, defendant added three additional parties as third party defendants. On application of plaintiff, the court ordered a separate trial on plaintiff's petition for possession. That trial being held, the jury found for the plaintiff, and the court entered judgment thereon from which defendant appeals. We have jurisdiction because the judgment so entered became final for purposes of appeal under the terms of Rule 81.06.

Orscheln Motor & Equipment Co. delivered three trucks and three dump bodies to defendant in the summer of 1976, purportedly under a written Retail Installment Contract dated June 29, 1976. A financing statement was duly filed, and the contract was subsequently assigned to plaintiff. During the ensuing months, defendant paid off one of the trucks and continued to make payments on the balance of the equipment until June 1977. The present petition in replevin was filed October 13, 1977.

A pre-seizure hearing was held before the court on October 28, 1977, at which time it was stipulated that defendant had possession of two of the trucks and three of the dump bodies described in the security agreement, and the parties also stipulated that defendant was in default. The parties further agreed that it would be unnecessary for the sheriff to pick up the equipment on behalf of plaintiff, and that instead defendant would voluntarily deliver the equipment to be held by plaintiff pending the litigation.

The parties crossed swords at trial with respect to whether or not defendant actually signed the security agreement dated June 29, 1976. Defendant stoutly denies the genuineness of the signature appearing upon the contract which purports to be his, and he further denies having authorized anyone to sign on his behalf. This denial is supported by the testimony of Jerry E. Sims, a former employee of Orscheln Motor & Equipment Co., whom plaintiff called as a witness. Sims testified that he was the one who was present at the signing of the contract and that defendant's purported signature was in fact affixed by defendant's wife. Plaintiff, on the other hand, insists that the signature in question was in fact signed by defendant himself. To support that contention, plaintiff submitted the testimony of the notary public who notarized defendant's signature to the title applications for these trucks and who identified the signatures on those three exhibits as being the genuine signatures of Frank Formento. Those three exhibits were then introduced in evidence and examined by the jury.

The foregoing matter as to the genuineness of defendant's signature was the principal item in dispute at trial. However, defendant also attempted to introduce evidence concerning the reason why he had ceased making payments on this equipment, but pursuant to plaintiff's objection, that testimony was not permitted.

## I.

■ For his first Point on appeal, defendant states: "The Trial Court Erred in Overruling Defendant's Motion for a Directed Verdict for Defendant at the Close of All Evidence for the Reason That Plaintiff Had Failed to Prove a Valid Security Interest Upon Which to Predicate Replevin." The sufficiency of this point under Rule 84.04(d) is inadequate, for the reason that said point fails to set forth why defendant claims the security interest to be invalid. *Thummel v. King*, 570 S.W.2d 679 (Mo. banc 1978). However, according this point generous treatment and filling it out as best we can in light of the argument portion of the brief, the point is without merit.

## A.

Defendant seems to be saying as his principal contention that plaintiff is irrevocably bound by the testimony of its witness Sims who testified that defendant did not in fact sign the security agreement. In this connection, defendant claims in his brief that Sims' testimony "judicially admitted" this as a fact. Defendant is mistaken as to the effect of Sims' testimony.

■ A party is bound by the testimony of a witness called by him only if that testimony stands uncontradicted. If the testimony is contradicted by other evidence or circumstances, the party offering the witness is not bound by the unfavorable testimony. As stated in *De Lay v. Ward*, 364 Mo. 431, 262 S.W.2d 628, 634 (Mo. banc 1953):

> "Further, plaintiff was not conclusively bound by the unfavorable testimony of any of her witnesses where the testimony was contradicted either expressly or by inference, by other evidence or circumstances, as where the circumstances or the evidence of other witnesses in her behalf would warrant the triers of fact in disregarding the adverse testimony or in drawing a contrary inference [citing cases]."

To the same effect: *Mollman v. St. Louis Public Service Co.*, 192 S.W.2d 618 (Mo.App. 1946); *Hoock v. S. S. Kresge Co.*, 222 S.W.2d 568 (Mo.App.1949), aff'd. 230 S.W.2d 758 (Mo. banc 1950).

Here Sims' testimony was contradicted by the signature comparisons placed before the jury. The jury could lay the questioned signature alongside the three signatures on the title applications proved to be genuine, and they were entitled to make their own determination as to whether the questioned signature was genuine or not. As stated in *Weber v. Strobel*, 194 S.W. 272, 274 (Mo.1917): "[P]apers admitted to be genuine and the paper claimed to be forged may be submitted to the jury for comparison without any expert or other testimony concerning the same [citing cases]; and verdicts determining the genuineness or otherwise of signatures were upheld when the only evidence submitted was such writings [citing cases]." Holding likewise: *Hemonas v. Orphan*, 191 S.W.2d 352 (Mo. App.1945). See also, Annot., *Propriety of jury, or court siting as trier of facts, making a comparison of a disputed writing with a standard produced in court, without the aid of an expert witness.* 80 A.L.R.2d 272 (1961).

Defendant argues that he also introduced a specimen of his genuine signature which does appear to vary from the disputed signature. However, all of these signatures have been presented to this court as part of the record on appeal, and our examination leaves us with a firm conclusion that the determination of this point was properly a matter to be submitted to the jury, and its determination in this regard has become conclusive.

### B.

Defendant also argues as a second proposition that the security agreement was invalid at least as it pertains to one of the dump bodies, identified in the evidence as the "Anthony dump body." In support of this contention, defendant points out that the security agreement introduced by plaintiff as Exhibit 1 describes the Anthony dump body only in a section labeled "other equipment;" but that in the copy of the security agreement filed in the recorder's office, that section of the document was left blank. Defendant infers that the Anthony dump body description was inserted after the original document was executed. This contention has two answers. In the first place, the additional description related to the Anthony dump body shows alongside of it the initials "FF." The jury could and presumably did determine that these initials were in fact genuine by comparison to the genuine exemplars which had been placed in evidence. Secondly, defendant's own evidence shows that the Anthony dump body has been totally destroyed in a highway accident. Accordingly, any question with respect to coverage of the Anthony dump body is purely an academic, moot issue.

### II.

The sufficiency of defendant's Point Relied On II, under Rule 84.04(d) and *Thummel v. King, supra,* is very questionable. However, viewing that point with great liberality, we construe it as attacking the grant of a separate trial on the issue of possession only and the subsequent exclusion in the trial of that issue of all evidence as to why defendant stopped payment of installments on the purchase price.

The granting of a separate trial of any one or more issues is authorized by Rule 66.02 "in furtherance of convenience" or when such an order will be "conducive to expedition and economy." Whether or not to grant such an order lies within the discretion of the trial court, and such a grant will be reversed on appeal only upon a showing of an abuse of discretion. *Union Elec. Co. v. Mansion House Center North Redevelopment Co.,* 494 S.W.2d 309, 312 (Mo.1973); *Whan v. Whan,* 542 S.W.2d 7, 10 (Mo.App.1976); *B–W Acceptance Corp. v. Benack,* 423 S.W.2d 215, 217 (Mo.App.1967). No abuse of discretion has been shown here.

Moreover, defendant has not properly preserved any issue in this regard. A complaint as to an exclusion of evidence will not be considered on appeal unless there has been an offer of proof concerning the evidence excluded. *Hamilton Music, Inc. v. York,* 565 S.W.2d 838 (Mo.App.1978);

*United States Fire Insurance Co. v. Madesco Investment Corp.*, 573 S.W.2d 442 (Mo. App.1978). There was no offer of proof here.

### III.

Defendant's Point Relied on III complains of the trial court giving Instructions 3, 4, 5, 6 and 10; his Point V complains of the trial court giving Instruction No. 7 and refusing Instructions No. A or B; and his Point VI complains of the court giving Instruction No. 8 rather than defendant's requested Instruction "C." Aside from other defects, these points violate Rule 84.04(e) in that the argument portion of defendant's brief does not set out in full the instructions referred to. We have examined the debated instructions, and we find no such serious question or special circumstances calling for a waiver, "upon a showing that justice so requires" under Rule 84.08, of compliance with the general rule governing briefing in the appellate courts.

### IV.

Defendant's Point Relied on No. IV complains that the trial court admitted appraisal valuations as to the trucks and dump bodies in question. That evidence was not relevant to any issue to be decided and should not have been received. However, no prejudice was occasioned to defendant, and the admission of that evidence constituted harmless error.

There being no error, the judgment is affirmed.

All concur.