STATE of Missouri, ex rel. MISSOURI
HIGHWAY AND TRANSPORTATION
COMMISSION, Respondent,

v.

George B. KROEGER, et al. Exceptions
of Le-Ar-Coe, Inc., etc., et al.,
Appellants.

No. 43218.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 27, 1982.

Jenny, Cole & Eckelkamp, James A. Cole, Union, for appellants.

Bruce A. Ring, Chief Counsel, Richard E. Baker, Asst. Counsel, Kirkwood, for respondent.

CLEMENS, Senior Judge.

The issue before us is the proper basis for evaluating land taken for public purposes: (1) Cost of replacement minus depreciation, (2) capitalization of income or (3) comparable sales. See *Northeast Mo. Elec. Power Co-op v. Fulkerson*, 542 S.W.2d 26 [1, 2] (Mo.App.1976).

Corporate defendant Le-Ar-Coe owned 106 acres in Franklin County. It farmed 101 acres and used five acres for a gas station, restaurant and truck stop. Plaintiff Commission condemned an easement over .61 acres, the part of defendant's five-acre tract used as a filling station.

Before trial condemnation appraisers had reported defendant's damages at $155,000 and the owner excepted. The trial jury assessed owner's damage at $85,000 and the court rendered judgment against owner for the deficiency. Owner appeals.

At trial each party had the opinion of expert witnesses on defendant's damage based on cost of replacement minus depreciation. Here the owner claims the trial court erred in rejecting its witnesses' further testimony on each of the other two valuation methods, capitalization of income and comparable sales. We consider each in turn.

Defendant's present contention as to capitalization of income was not preserved for review, for two reasons. First, defendant made no such offer of proof and second, the trial court made no ruling against defendant. So, nothing has been preserved for review. Compare *International Harvester Credit v. Formento*, 593 S.W.2d 576 [8, 9] (Mo.App.1979).

By defendant's other point it charges the court erred in excluding testimony defendant now contends was admissible to show a comparable sale. That prop-

erty had neither been deeded nor sold. At most there was a ten-year lease on the property with an option to purchase thereafter. So there was no sale, let alone a comparable sale. Additionally, the ruling was not clearly against reason and was within the trial court's discretion. See *State ex rel. State Highway Commission of Missouri v. Kimmell*, 435 S.W.2d 354 [8–10] (Mo.1968).

Affirmed.

REINHARD, P. J., and SNYDER and CRIST, JJ., concur.