Dear Mr. Frappier:
This is in response to your request for an official opinion asking whether the Director of the Department of Consumer Affairs, Regulation and Licensing has authority to regulate kick-boxing matches and exhibitions.
Section 317.020, RSMo Supp. 1982, provides in pertinent part:
 The director of the department of consumer affairs, regulation and licensing of the state of Missouri shall have general charge and supervision of all boxing, sparring and wrestling exhibitions held in the state of Missouri, and he shall have the power, and it shall be his duty:
 (1) To make and publish rules and regulations governing in every particular the conduct of boxing, sparring and wrestling exhibitions, the time and place thereof, and the prices charged for admissions thereto;
Section 317.020, RSMo, which was enacted to protect the health, safety, and welfare of those persons engaging in boxing, sparring, and wrestling exhibitions, introduced regulations conducive to the public good and is to be considered remedial in nature. As a remedial statute, Section 317.020, RSMo, is to be construed broadly and liberally to effect its plain purpose.See, Derboven v. Stockton, 490 S.W.2d 301, 309 (Mo.App. 1972) andState ex rel. Ashcroft v. Wahl, 600 S.W.2d 175, 180 (Mo.App. 1980). Furthermore, in construing remedial legislation, consideration must be given to the evil sought to be cured and "`to make such construction as shall suppress the mischief, and advance the remedy, and to suppress subtle inventions and evasions for the continuance of the mischief.'. . . [Citation omitted]."B.W. Acceptance Corporation v. Benack, 423 S.W.2d 215, 218
(Mo.App. 1967).
The rules of construction also require us to assign the common, ordinary meaning to words used in statutes in the absence of a statutory definition. Roberts v. McNary, 636 S.W.2d 332,335 (Mo. banc 1982). "Boxing" is defined as "the act or practice of attack and defense with fists, especially when covered with padded gloves." Webster's New International Dictionary (2nd Ed. 1952).
We note that kick-boxing has numerous similarities to traditional boxing. Those similarities include, but are not limited to: the use of a traditional regulation boxing ring; the use of the same equipment (ten (10) ounce boxing gloves, mouth pieces, groin protection); the contestants are divided into similar weights and classes; the bouts do not exceed 15 rounds; the fouls are virtually the same, and are scored the same; the same requirements are necessary for a knockdown; and, in case of a knockdown, the "eight (8) count" is mandatory for both types of boxing. See, 4 CSR 40-5.040 and Karate International Council of Kick-boxing (K.I.C.K.) Professional Rules.
The major difference between the two types of boxing is that kick-boxing contestants wear pads on their feet and kick with their feet as well as punch with their hands. The Karate International Council of Kick-boxing does not have a minimum kicking requirement, however, some organizations do have such a requirement. The kick-boxing matches and exhibitions sponsored by various organizations differ in their degree of aggressiveness, but not so much that they are dramatically different from traditional boxing, except for the ability of kick-boxing participants to use both padded fists and feet.
Consistent with the rules of construction outlined, and applying a broad, liberal construction to Section 317.020, we believe kick-boxing is but a species of the broad genus, boxing. Thus, boxing includes kick-boxing since the latter contemplates the use of padded fists for attack and defense.
Therefore, it is our view that the Director of the Department of Consumer Affairs, Regulation and Licensing is required to regulate kick-boxing matches and exhibitions.
In issuing this opinion, we are cognizant of Opinion No. 18, Butler, 1979, where it was stated at page 3: "[T]he Office of Athletics cannot define boxing, sparring, or wrestling by rule or regulation to include full contact karate." Opinion No. 18 and this opinion do not conflict because karate is not a form of boxing and cannot reasonably be included within any of the terms boxing, sparring, or wrestling, whereas kick-boxing is but a form of boxing. As such, kick-boxing falls within the statutory term.
CONCLUSION
It is the opinion of this office that the Director of the Department of Consumer Affairs, Regulation and Licensing is required to regulate kick-boxing matches and exhibitions under the provisions of Chapter 317, RSMo.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Margaret Keate.
Very truly yours,
 JOHN ASHCROFT Attorney General