## CENTRAL ELECTRIC POWER COOPERATIVE, Appellant,

v.

Maurice A. SHARP, Bonnie W. Sharp, Maurice A. Sharp, Jr., Kathryn Sharp, Wallace L. Sharp and Mary Sharp, Respondents.

No. WD 40159.

Missouri Court of Appeals, Western District.

Oct. 4, 1988.

Erwin L. Milne, Stockard, Andereck, Hauck, Sharp and Evans, Jefferson City, for appellant.

David Donnelly, Donnelly, Baldwin & Whilhite, Lebanon, David Yarger, Woolsey and Yarger, Versailles, John Walker and Philip J. Morgan, Phillips, McElyea, Walker & Carpenter, Camdenton, for respondents.

Before TURNAGE, P.J., and SHANGLER and MANFORD, JJ.

TURNAGE, Presiding Judge.

Central Electric Power Cooperative filed a suit in eminent domain to acquire easement rights for the construction of a power line running across the Lake of the Ozarks. A tract of land owned by the Sharps was condemned as it was to be the location of a structural support for a power line across the lake. The jury awarded the Sharps $180,000 for the tract. On appeal, Central Electric contends the trial court erred in permitting the Sharps to read from an unsigned deposition, excluding evidence, allowing Sharp's attorney to serve subpoenas upon two persons connected with Central Electric while they were in the courtroom, and allowing a so called "golden rule" argument to be made to the jury. Affirmed.

At the time of the filing of the eminent domain action by Central Electric, Edward McCauley was partial owner of the property. Subsequently, however, the Sharps acquired ownership of the property due to McCauley's default on a deed of trust in favor of the Sharps. Consequently, at the time of trial the Sharps were record owners of the property in question.

As a result of McCauley's death, at trial the Sharps proposed to read from his deposition taken on October 15, 1984 by Central Electric. Central Electric objected and moved that the deposition be suppressed because it had not been signed. Apparently, the original of the deposition had not been filed in the trial court and could not be located.

Central Electric contends that the court erred in allowing the Sharps to read from the McCauley deposition because it was not signed and the official taking the deposition had failed to certify that the deposition was duly sworn and failed to certify that the deposition constituted a true record of the testimony given and failed to file the deposition in the trial court. The court responded by stating that everyone had been put on notice of McCauley's death when the suggestion of his death was filed with the court. The court relied upon Rule 57.07(d)(4) and held that it would permit the Sharps to read from the deposition.

Rule 57.07(d)(4) states:

Errors and irregularities in the manner in which the testimony is transcribed or the deposition is prepared, signed, certified, sealed, endorsed, transmitted, filed, or otherwise dealt with by the officer under Rules 57.03 and 57.04 are waived unless a motion to suppress the depositions or some part thereof is made with reasonable promptness after such defect is, or with due diligence might have been, ascertained.

Clearly, the complaints raised by Central Electric were waived because no motion to suppress the deposition was filed with reasonable promptness after the defects to which objection was made might have been ascertained. Central Electric knew that it had taken the deposition of McCauley. In January 1987 Central Electric was put on notice that McCauley had died. From that time until trial began in November no action was taken by Central Electric to suppress the deposition. Central Electric could easily have ascertained sometime during the eleven months that the original deposition was not on file. Under the plain provision of the rule, Central Electric could not sit by after being placed on notice of McCauley's death and make its initial objection to the copy when it was presented at trial. It is noteworthy that Central Electric makes no complaint concerning the accuracy of the portion read. In fact the portion read largely consisted of questions propounded by Central Electric's counsel and the answers thereto.

Because Central Electric failed to move to suppress the deposition with reasonable promptness after the defects could have been ascertained, it has waived the objections made at trial under Rule 57.07(d)(4). *Mound Rose Cornice & Sheet Metal Works, Inc. v. H. Kalicak Construction*

*Company,* 454 S.W.2d 603, 605[1, 2] (Mo. App.1970).

■ Central Electric next contends the court erred in excluding an exhibit referred to by one of its witnesses in his testimony. Neither the exhibit, an appraisal of boat docks made by GAB Value Appraisal Services, nor the information contained within it was prepared by the witness. On objection, the court excluded the exhibit. Central Electric, failed to make an offer of proof when the court made its ruling that the exhibit would not be admitted. In *Hamilton Music, Inc. v. York,* 565 S.W.2d 838, 840[3–6] (Mo.App.1978), this court stated: "[n]othing is preserved for appellate review when a court rejects evidence, in the absence of an offer of proof." In the absence of an offer of proof, this point is not preserved for review.

■ On its next point of contention Central Electric asserts that the court should have granted a new trial because the jury was prejudiced when subpoenas were served upon a director and the general manager of Central Electric when they entered the courtroom during the trial, and in the presence of the jury, were requested to leave. This event is reflected in the record only when Sharp's attorney moved for a mistrial at a recess, on the ground that the two individuals had entered the courtroom and had taken seats near the jury box. At no time did Central Electric make an objection nor request relief as a result of the event. The motion for mistrial made by Sharp's attorney was overruled. It should first be observed that there is nothing in the record which evidences that the jury was aware that subpoenas had been served and two individuals were requested to leave the courtroom. In any event, Central Electric is precluded from raising this issue on appeal as it failed to make an objection at trial when the event occurred. *Niederkorn v. Niederkorn,* 616 S.W.2d 529, 535[10,11] (Mo.App.1981). The following statement in *Associated Underwriters, Inc. v. Mercantile Trust Company National Association,* 576 S.W.2d 343, 346[4,5] (Mo.App.1978), is of special application in this case:

A party should not be entitled on appeal to claim error on the part of the trial court when that court was never called upon to rule the contention. Also, if the alleged error was not of sufficient magnitude to call for corrective action in the trial court it should be considered to be waived on appeal, and if it is of sufficient magnitude, but no corrective action was requested, the party should not be entitled to gamble on the jury result, and then if an adverse result is had obtain a second chance before a different jury.

Failing to make any objection or to seek any relief at the time the event occurred, Central Electric cannot stand back and gamble on the result, and when it is unfavorable, seek to raise the matter as error requiring a new trial.

■ Finally, Central Electric contends the court erred in overruling its motion for new trial because Sharp's counsel made a "golden rule" argument to the jury. During his closing argument Sharp's counsel reminded the jury that almost everyone on the jury had stated that they owned property. He told the jury that they were sitting here in a lawsuit which could happen to any one of them and probably would happen to some. At that point counsel for Central Electric objected to the form of the argument. The court sustained the objection. Central Electric requested no further relief. It was held in *Beck v. Modern American Life Insurance Co.,* 589 S.W.2d 98, 106[16] (Mo.App.1979), that when the action of the trial court is responsive to an objection, the court is not to be convicted of error for failure to take additional curative steps not requested by the complaining party. Here Central Electric had its objection sustained and it received all of the relief it sought. There was no error.

The judgment is affirmed.

All concur.