James G. ZUNDEL, Plaintiff-Appellant,

v.

Frank BOMMARITO, Shirley A. Bom-
marito and Estate of Lester
Golubovich, Defendants–Respondents.

No. 54885.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 17, 1989.

Martin, Bahn, Malec & Cervantes, James M. Martin & John Malec, St. Louis, for plaintiff-appellant.

Donald L. Schlapprizzi, P.C., Donald L. Schlapprizzi & Gary A. Growe, St. Louis, for Bommarito.

Greenberg & Pleban, Karen Greenberg, St. Louis, for Estate of Golubovich.

KAROHL, Judge.

This appeal involves a judgment in favor of defendants, the estate of Lester J. Golubovich, Frank Bommarito and Shirley Bommarito. Plaintiff, now appellant, James Zundel, a builder, alleges four points of error. Zundel contends he performed labor for The Edge Restaurant, a partnership of Frank Bommarito and Lester J. Golubovich. The case was tried only against Bommarito. The decisive factual issue at trial was whether a partnership existed between Golubovich and Bommarito. The jury found no partnership. It returned a verdict in favor of Bommarito. We affirm.

Plaintiff brought this case against defendants, the estate of Lester J. Golubovich and Frank Bommarito. The original filing included a mechanic's lien count. The lien count was dismissed and affirmed by this court. *Zundel v. Edge, Inc.*, 705 S.W.2d 113 (Mo.App.1986). The quantum meruit count was then tried. In order to recover from Bommarito, plaintiff sought to prove an oral partnership between Bommarito and Golubovich.

Bommarito began working at The Edge Restaurant in the mid 1970's. He was offered a job as manager at $100 per week by Golubovich. The Edge Restaurant occupied real estate owned by a corporation known as The Edge, Incorporated. Golubovich was the sole shareholder of this corporation. Golubovich, in order to induce Bommarito to accept the job as manager, told him that after he earned back the initial cost of the restaurant, Bommarito would also become a shareholder in the corporation.

Zundel came to know Golubovich and Bommarito as a customer of The Edge. In 1978, Zundel discussed with Golubovich and Bommarito the possibility of reconstructing the old warehouse which was attached to The Edge into a new and fancier restaurant. At that time The Edge was a lunchroom and bar. Beginning in March of 1978, and for the next eighteen months, plaintiff performed construction work on the old warehouse between seven to ten hours a day during the week and eight to ten hours a day on the weekends. Plaintiff's labor included bricklaying, woodworking, design, selecting and acquiring materials, and working with stained glass. Plaintiff calculated that his total hours for work was 2,730. He claimed wages owed from Bommarito of $205,000. There was some evidence at trial that Bommarito, during the period when Zundel was working at the restaurant, would represent himself to Zundel and others as being a partner of Golubovich. At trial, Bommarito stated he did this because he was a well known personality and wanted to attract business for the restaurant. There was no written evidence of a partnership agreement presented at trial.

On August 23, 1983, Lester Golubovich died. It was not until September 28, 1983, that plaintiff sent a bill to The Edge for his services. There was a brief period of time after Golubovich's death when his sister, and sole heir attempted to take over The Edge. On April 25, 1984, Bommarito bought The Edge at a foreclosure sale.

Plaintiff presents four issues on appeal: (1) the trial court committed plain error by requiring proof of the existence of a partnership because the state of the pleadings indicated the existence of a Golubovich–Bommarito partnership was confessed; (2) the trial court erred in refusing to admit writings as evidence of the partnership and in restricting testimony concerning writings evidencing partnership; (3) the trial court erred in failing to grant a new trial on the basis of newly discovered evidence; and, (4) the trial court erred in not granting plaintiff a new trial for the reason that defense counsel wrongfully inserted mat-

ters of law concerning pleadings, matters for plaintiff's counsel and the availability of a witness. We find no error on the part of the trial court. Accordingly, we affirm.

■ Plaintiff claims the trial court committed plain error by requiring proof of the existence of a partnership where the defendants' answer to the pleadings indicated the partnership was confessed. Plaintiff relies on Missouri Supreme Court Rule 55.14 which provides:

"when parties sue or are sued as a partnership, and the names of the partners are set forth in the petition or counterclaim, the existence of the partnership shall be deemed confessed unless it be denied by *specific negative averment,* which shall include such supporting particulars as are peculiarly within the pleader's knowledge." (Our emphasis).

Here, plaintiff pled the existence of a partnership in his petition. Defendant Bommarito generally denied the existence of a partnership but did not make any specific negative averment as required by Rule 55.-14. Plaintiff is correct in his claim that the existence of the partnership need not have been an issue at trial. It has been held that where a petition alleged a partnership which is pled by a suing party is generally denied, and there is no specific negative averment, it is deemed confessed and need not be an issue at trial. *Marquis v. Pettyjohn,* 212 S.W.2d 100, 104 (Mo.App.1948). However, plaintiff did not raise this point at trial. The existence of the partnership was a contested issue before the trial court. Nor did he present this point in his motion for new trial. It first appears in his appellate brief. The entire trial was centered on the issue of whether there was a partnership. Essentially what plaintiff is attempting to do is to raise a totally new issue now and to say that the issue contested at trial should not have been an issue in the first place.

This claim fails because the trial court can not be found in error on a matter never presented. In Missouri, an issue which is not presented or expressly decided by a trial court is not preserved for appellate review. An appellate court will not, on review, convict a lower court of error on an issue which was not put before it to decide. *Asarco Incorporated v. McNeill,* 750 S.W.2d 122, 129 (Mo.App.1988), *Ozark Mountain Timber Products Inc. v. Redus,* 725 S.W.2d 640, 645 (Mo.App.1987), *Rietsch v. T.W.H. Company Inc.,* 702 S.W.2d 108, 112 (Mo.App.1985).

■ Plaintiff's argument that we should review for plain error is without merit. Plain error review is reserved for those situations where substantial rights are affected such that manifest injustice or a miscarriage of justice has resulted therefrom. Missouri Supreme Court Rule 84.13. Plain error does not apply to factual issues which are raised for the first time on appeal. Point denied.

Plaintiff's next allegation of error is "the trial court erred in refusing to admit writings as evidence of the partnership and in restricting testimony concerning writings evidencing a partnership." Although plaintiff's brief is unclear and does not reference the trial transcript, it appears he objects to the exclusion of Exhibits 14, 15 and 16.

Exhibit 14 consists of a check drawn on "The Edge" bank account payable to Robert Day Signs for $80. The check is dated October 14, 1983, and is signed by defendant Frank Bommarito. The exhibit also contains a check from Bilgere Brothers, payable to the Edge Restaurant for $3,848.72, and a bill from Bilgere Brothers to The Edge Restaurant for $111,777.42 to pay for repairs caused by fire damage. Exhibit 14 contains a bill from Graphic Sound Systems Inc. to The Edge for $175 for labor. This bill is authorized "per Frank."

Exhibit 15 is a contractor's affidavit from Bilgere Brothers which refers to defendant, Frank Bommarito, as the owner of The Edge Restaurant.

Exhibit 16 contains several documents. Plaintiff wanted to examine defendant, Frank Bommarito, on an Insurance check from Pennsylvania National Mutual Casualty Insurance Company payable to The

Edge Restaurant and endorsed, "Frank Bommarito Co–Owner."

Exhibits 14, 15 and 16 were all part of a file brought to court by the Custodian of Records of Commerce Bank, formerly Tower Grove Bank. The bank file was in the name of Lester Golubovich and The Edge Restaurant.

▆ We find the exclusion of Exhibits 14, 15 and 16 was not error for the following reasons. First, it is questionable whether appellant made an offer of proof during the trial and even if an offer was made it was adequate. In the absence of an offer of proof nothing is preserved for appellate review when the trial court rejects evidence. *Central Electric Power Cooperative v. Sharp*, 758 S.W.2d 483, 485 (Mo.App.1988). Not all offers of proof preserve objections to excluded evidence. The offer must establish the proposed admissibility and relevance of the evidence. *Simpson v. Smith*, 771 S.W.2d 368, 372 (Mo.App.1989).

▆ If we assume a proper offer of proof was made and an objection is preserved for review there still was no error. The evidence was hearsay and was not, as plaintiff argues, an exception as a business record. The business records exception to the hearsay rule applies only to documents generated by the business itself. Here the evidence plaintiff sought was not documents generated and qualified by the bank during the bank's course of business. These documents were part of a file belonging to the bank, they were not generated by the bank and thus are not business records of the bank. Where the status of the evidence indicates it was prepared elsewhere and was merely received and held in a file but was not made in the ordinary course of the holder's business it is inadmissible and not within a business record exception to the hearsay rule under § 490.680 RSMo 1986. *Hamilton Music, Inc. v. York*, 565 S.W.2d 838, 841 (Mo.App. 1978).

▆ Finally, refusal to admit Exhibits 14, 15 and 16 was not prejudicial error because this evidence, had it been admitted would not have changed the result. Plaintiff introduced no evidence at trial to prove the existence of a partnership between Golubovich and Bommarito except: (1) plaintiff's own belief he was dealing with Frank Bommarito, a partner, and (2) Bommarito's own testimony that he represented himself to others as a partner in order to attract business to the restaurant. The Uniform Partnership Law of Missouri defines partnership as an association of two or more persons to carry on as co-owners a business for profit. Section 358.060 RSMo 1986. In proving the existence of a partnership the plaintiff must show the parties intended to carry on, as co-owners a profitable business. *Stuart v. Overland Medical Center*, 510 S.W.2d 494, 497 (Mo.App. 1974). Exhibits 14, 15 and 16 do not prove Bommarito was a co-owner. They would merely have tended to prove he wrote and endorsed some checks, acts which are consistent with his duties as an employee of The Edge Restaurant.

▆ Plaintiff next argues he should be granted a new trial because of newly discovered evidence. Daniel Hurley, a plaintiff's witness and accountant for The Edge, had recently moved his office at the time of trial and was unable to bring certain documents referencing Bommarito and Golubovich as partners in The Edge. Plaintiff contends these helpful documents became available after trial.

Motions for a new trial based on newly discovered evidence are within the discretion of the trial court. They are viewed with disfavor and are granted only in exceptional cases. *Greco v. Robinson*, 747 S.W.2d 730, 734 (Mo.App.1988). In *City of Eureka v. Hall*, 687 S.W.2d 917, 920 (Mo. App.1985) this court set out five criteria to consider in this situation. A new trial based on newly discovered evidence would be granted when: 1) the party only recently became aware of the evidence; 2) due diligence would not have uncovered the evidence sooner; 3) the new evidence is so material it would probably produce a different result; 4) the new evidence is not cumulative; and, 5) the object of the evidence is not impeachment.

Plaintiff's new evidence does not meet the criteria set out in *Eureka* and thus we find no error. First, plaintiff knew Hurley had these documents. This was not newly discovered evidence. If they could not be brought to trial because of Hurley's office move plaintiff had other remedies available, such as asking for a continuance until the documents could be located. This case was filed almost four years before trial. It is difficult to believe that during that time plaintiff could not have gained access to these documents. Because of the time period between filing and trial and because plaintiff knew Hurley had these documents we do not find the documents to be "newly discovered evidence."

 We note that plaintiff's motion and affidavit for a new trial based on newly discovered evidence is insufficient because it does not specifically tell us what the newly discovered evidence is and what probative value it has. However, from reading the record we can infer what this new evidence is. The evidence references Bommarito and Golubovich as "partners" on bills from Stern Fixture Company and Candid Construction Company for items sold to and work performed on The Edge Restaurant. These bills, with Golubovich and Bommarito's names on invoices only show that Stern Fixture Company and Candid Construction Company dealt with both Golubovich and Bommarito. These documents do not, in themselves, prove a partnership.

 Finally, the new evidence is cumulative in that other evidence was sought to be introduced at trial of a similar nature. The other evidence was kept out as hearsay and irrelevant. The "new evidence" falls in the same category.

 Plaintiffs next contention of error is the trial court erred in not granting a new trial because defendant wrongfully inserted matters of law concerning the pleadings, matters from plaintiffs counsel and the availability of evidence. Defense counsel was permitted to ask plaintiff if he knew who he was suing. There is no Missouri case law which holds this is improper. Also, because this point was not raised in plaintiff's motion for a new trial it was not preserved for appeal.

 Plaintiff also asserts error in allowing testimony that plaintiff's attorney had hired a contractor to estimate the value of plaintiff's labor. No objection was made, thus nothing is preserved for appeal. We do not find that the questions about the pleadings or the testimony about the contractor were so prejudicial as to rise to the level of plain error. Missouri Supreme Court Rule 84.13.

Affirmed.

PUDLOWSKI, P.J., and CRANDALL, J., concur.