**AMERICAN FAMILY MUTUAL INSURANCE COMPANY, Plaintiff/Respondent,**

v.

**MILLERS MUTUAL INSURANCE ASSOCIATION, Defendant/Appellant.**

**No. 73275.**

Missouri Court of Appeals, Eastern District, Division Two.

July 28, 1998.

---

Denis C. Burns, Godfrey, Vandover & Burns, Inc., St. Louis, for appellant.

Richard C. Homire, Homire and Wilkes, P.C., St. Louis, for respondent.

JAMES R. DOWD, Judge.

This is an appeal from a declaratory judgment action filed by American Family Mutual Insurance Co. ("American Family") to determine coverage under an automobile insurance policy issued to Alonzo Pierce. The trial court entered judgment in favor of American Family, holding that the policy did not provide coverage for an automobile accident involving Alonzo's automobile and an automobile insured by Millers Mutual Insurance Association ("Millers Mutual") because the driver of Alonzo's automobile was not a permissive user and was therefore not an insured under the insurance policy. Millers Mutual appeals.

### I. Factual Background

The facts relevant to this appeal transpired on November 23, 1995, Thanksgiving Day, when Alonzo entertained several guests at his home in St. Peters, Missouri. The guests included Alonzo's fiancée Helen Carroll, her brother William Carroll, and Ina Harveston, Helen's and William's grandmother. Helen and William drove Alonzo's 1986 Ford Escort to pick up Ina in Red Bud, Illinois. Helen and William also drove Alonzo's automobile to take Ina home. After dropping off Helen and Ina, William drove to buy cigarettes and was involved in a head-on collision with an automobile insured by Millers Mutual. William was killed in the accident.

It is undisputed that Alonzo's automobile was insured by American Family at the time of the accident. However, the parties disagree as to whether Alonzo gave William permission to drive his automobile. Without permission, William would not be an insured under Alonzo's insurance policy and American Family would have no obligation under the insurance policy with respect to the accident.

According to American Family, William took the car without Alonzo's permission. American Family introduced as an exhibit the transcript of an interview of Alonzo. The interview was conducted *ex parte* by an American Family adjuster and recorded on audio tape. In the interview, Alonzo claimed that William took his keys off the table without his permission while he was asleep. Alonzo later died without giving a deposition. Millers Mutual objected to the introduction of this exhibit on the grounds that it constituted hearsay and was also inadmissible under section 491.010.2 RSMo 1994, which is commonly referred to as the deadman's statute.

To establish that William was a permissive driver of Alonzo's automobile, Millers Mutual submitted Helen's and Ina's depositions as exhibits. In her deposition, Helen testified that on the day of the accident Alonzo gave the keys to her so that William could pick up Ina and that Alonzo knew that William was going to drive because Helen was not feeling well. Helen further testified that after dinner William drove Helen and Ina home, again with Alonzo's permission.

The trial court found that William was not an insured under the insurance policy because he drove the automobile without Alonzo's permission, and entered judgment in favor of American Family. On appeal, Millers Mutual alleges that the trial court erred in admitting into evidence the transcript of

Alonzo's recorded statement because the statement constituted hearsay and was not otherwise admissible. Without this evidence, Millers Mutual argues that the judgment is not supported by substantial evidence.

## II. Standard of Review

■ The standard of review in declaratory judgment cases is the same as that in any court-tried case. *American Family Mut. Ins. Co. v. Bishop*, 743 S.W.2d 590, 591 (Mo. App. E.D.1988). Therefore, we will affirm the decision of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

## III. Analysis

■ Our sole determination is whether Alonzo's statement was admissible evidence. The statement is unquestionably hearsay. It is an out-of-court statement offered to prove the truth of the matter asserted. Nevertheless, under some circumstances, hearsay evidence may be admitted pursuant to section 491.010.2 RSMo 1994, which provides as follows:

> In any such suit, proceeding or probate matter, where one of the parties to the contract, transaction, occurrence or cause of action, or his agent in such matter, is dead ..., and the adverse party or his agent testifies with respect thereto, then any relevant statement or statements made by the deceased party ... shall not be excluded as hearsay....

According to Millers Mutual, the trial court erred in admitting Alonzo's statement because the only testimony elicited by Millers Mutual was of non-party witnesses, and not testimony of the adverse party as required by section 491.010.2. We agree.

The plain language of section 491.010.2 requires the *adverse party* (or his agent) to "the contract, transaction, occurrence or cause of action" to testify before evidence otherwise excludable on hearsay grounds may be admitted. The term "adverse party" has a distinct and well recognized legal definition. Black's Law Dictionary defines "ad-

verse party" as "[a] party to an action whose interests are opposed to or opposite the interests of another party to the action." Black's Law Dictionary 53 (6th ed.1990); *see also Estate of Oden v. Oden*, 905 S.W.2d 914, 918 (Mo.App. E.D.1995) (finding that under section 491.010.2 "certain evidence which would otherwise be excludable under the hearsay rule could be received, if the *opposing party* voluntarily testifies about dealings with a person who has died or become incompetent") (emphasis added).

In this case, the only testimony offered by Millers Mutual was the depositions of witnesses Helen Carroll and Marion Mason. As neither witness was a party to the lawsuit or an agent of Millers Mutual, their testimony cannot serve as a basis to admit Alonzo's hearsay statement. Sec. 491.010.2 RSMo 1994; *Oden*, 905 S.W.2d at 918.

■ American Family argues that Millers Mutual "waived its protection under [section 491.010]" because its trial brief contained "numerous references to actions and direct statements of [Alonzo]." As a preliminary matter, we note that Millers Mutual's trial brief has not been made part of the record on appeal and, consequently, is not available for review. In any event, the contents of a trial brief fail to satisfy the "testify" requirement of section 491.010.2.

We conclude that the trial court erred in admitting Alonzo's hearsay statement. In the absence of this statement, the judgment is not supported by substantial evidence. Both American Family and Millers Mutual claim that they are entitled to judgment based on the remaining evidence. We decline the parties' invitation to weigh the evidence; this is a task properly reserved for the trial court on remand. The judgment is reversed and the cause is remanded for a new trial.

CRANE, P.J., concurs in result.

RHODES RUSSELL, J., concurs.