ASSET ACCEPTANCE, Respondent,

v.

**Marjorie P. LODGE, Appellant.**

**No. ED 93264.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 28, 2010.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 17, 2010.

Patric A. Lester, St. Louis, MO, for Appellant.

William F. Whealen, Jr., Stephen J. Barber, St. Louis, MO, for Respondent.

ROBERT G. DOWD, JR., Judge.

Marjorie Lodge ("Lodge") appeals from the entry of judgment in favor of Asset Acceptance, LLC ("Asset") on Asset's petition for breach of contract. Lodge asserts the trial court erred (1) in entering judgment in favor of Asset because Asset lacked standing to sue, (2) in finding there was a contract between Lodge and Asset. Lodge maintains there was not substantial, competent evidence of the specific terms and conditions of the purported agreement, and (3) in admitting into evidence Exhibits 1 and 2 because the documents did not constitute business records of Asset. Finding the trial court erred and abused its discretion in admitting Exhibits 1 and 2 into evidence, we reverse.

Asset, the assignee of HSBC Consumer Lending ("HSBC"), filed a petition for breach of contract against Lodge. Asset alleged Lodge executed a contract by signing a loan check and owed a balance of $5,181.52, plus interest and attorney's fees. Asset attached to its petition copies of the front and back of a check dated December 29, 2003, issued by HSBC, the original creditor, in the amount of $5,000.33 and made payable to Lodge. The check provided on both its back and front that "[s]igning this check will result in a loan that must be repaid with interest and fees." The check further provided on the back, "By endorsing this check you agree to the terms and conditions of the attached Promissory Note." Lodge's signature appeared on the signature line immediately below this statement.

Prior to testimony being adduced, the trial court heard Lodge's motion in limine, in which she objected, on hearsay and foundation grounds, to the admission of several documents, including the check attached to Asset's petition and the bill of sale of the account from HSBC, the original creditor, to Asset. Lodge also asserted the "terms and conditions" referred to on the check should not be admitted because it was not produced by the discovery deadline. The trial court granted the motion in limine as to the "terms and conditions" and denied the remainder of Lodge's motion in limine.

At the trial, Asset presented the testimony of Mike Beach ("Beach"), Asset's legal director. Beach stated he had worked in the credit industry for nearly twenty years at the time of trial, and had worked for Asset for ten years. Beach testified he was familiar with how records were prepared in the industry.

Beach testified Asset purchased some accounts from HSBC. Over Lodge's objection, Beach identified and testified to Exhibit 1, the "Assignment and Bill of Sale" from HSBC to Asset and an "Account Purchase and Sale Agreement." Beach also identified that last few pages of Exhibit 1 as the data record for the specific account of Lodge. The data record listed Lodge's name, account number, address, telephone number, the current balance of $5,181.52, the date of last payment, and the original lender.

Beach stated he was familiar with the transactions between Asset and the various entities from whom it purchased accounts, and while he himself did not prepare the purchase agreement, he was familiar with what went on with those transactions. Beach testified the documents in Exhibit 1 were the standard types of documents relating to such transfers and stated "that is the standard contract for purchasing debt." Based on his review of the file and his experience, Beach stated that Exhibit 1 was the purchase agreement that Lodge's account fell under. Beach further testified that he was familiar with the method and manner of preparation of the documents such as Exhibit 1, and asserted that such documents were prepared in the ordinary course of business, and "would have had to been" prepared at or near the time of the transaction reflected in the documents. Beach could not testify to the actual mode or time of preparation of these particular documents.

Beach also identified Exhibit 2, a copy of the front and back side of the check provided to Lodge by HSBC. Exhibit 2 was also admitted into evidence over Lodge's objection.

The trial court entered judgment in favor of Asset in the amount of $5,181.00. Lodge now appeals.

■ We will address Lodge's third point first because it is dispositive. In her third point, Lodge asserts the trial court erred

and abused its discretion in admitting Exhibits 1 and 2 into evidence. Lodge contends the documents did not constitute the business records of Asset because they were not created by Asset in the ordinary course of Asset's business at or near the time of the events they purported to record. We agree.

■ Before a document may be received in evidence, it must meet a number of foundational requirements including relevancy, authentication, the best evidence rule, and hearsay. *Estate of West v. Moffatt*, 32 S.W.3d 648, 653 (Mo.App. W.D. 2000). The authenticity of a document cannot be assumed, and what it purports to be must be established by proof. *Id.* Thus, before a document can be admitted into evidence and considered by the trial court, its proponent must show that it is, in fact, what it is purported to be. *Id.* The determination of whether a sufficient foundation was laid for admission of the evidence is within the sound discretion of the trial court. *Id.* Therefore, there can be no error absent a showing that the court abused its discretion. *C & W Asset Acquisition, LLC v. Somogyi*, 136 S.W.3d 134, 137 (Mo.App. S.D.2004).

Section 490.680, RSMo 2000, which sets forth the foundational requirements for a document to be admitted under the business record exception to the hearsay rule, provides:

> A record of an act, condition or event, shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the course of business, at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and

time of preparation were such as to justify its admission.

■ The qualification of records within the business records exception to the hearsay rule requires testimony as to the mode of preparation of the record and that it was made at or near the time of the act, condition or event it purports to show. *Estate of West*, 32 S.W.3d at 653. A witness is qualified to testify regarding a business record if he or she has sufficient knowledge of the business operation and methods of keeping records of the business to give the records probity. *Id.*

Exhibits 1 and 2 do not meet the statutory requirements for admission under the business records exception. The only testimony regarding the documents came through Beach, an employee of Asset. Beach could not specifically testify to the mode of the documents preparation or the time of their preparation given the documents were prepared by HSBC. Although personal knowledge of the sponsoring witness as to the mode of preparation of the documents sought to be admitted as business records is not required for the admission of those documents, *C & W Asset Acquisition, LLC v. Somogyi*, 136 S.W.3d at 137, these documents were not even prepared by Asset in its ordinary course of business. The documents prepared by HSBC were merely transferred to Asset by HSBC as part of the transaction between Asset and HSBC.

In *Zundel v. Bommarito*, 778 S.W.2d 954, 958 (Mo.App. E.D.1989), the court held "[t]he business records exception to the hearsay rule applies only to documents generated by the business itself." Thus, documents that are part of a file belonging to a holder's business but were not generated or prepared by the holder in the holder's ordinary course of business do not

fall under the business records exception. *Id.* In *Zundel,* the court found the trial court properly excluded documents contained in a file that were not generated by the holder in the business's ordinary course of business but were generated elsewhere. *Id.* The court in *Zundel* stated, "[w]here the status of the evidence indicates it was prepared elsewhere and was merely received and held in a file but was not made in the ordinary course of the holder's business it is inadmissible and not within a business record exception to the hearsay rule under [Section] 490.680." *Id.*

In the present case, as in *Zundel,* Asset did not prepare the documents in question, but rather only received the documents from HSBC and held them in their files. Beach was not qualified to testify regarding documents not prepared by Asset. Thus, the documents do not fall under the business records exception. The trial court erred and abused its discretion in admitting Exhibits 1 and 2 into evidence under the business records exception. Point granted.

 To warrant reversal, improperly admitted evidence must have prejudiced the defendant. *Alberswerth v. Alberswerth,* 184 S.W.3d 81, 102 (Mo.App. W.D. 2006). "Unless the error materially affects the merits of the action, the judgment should not be reversed." *Id.* Clearly, as the only evidence supporting Asset's claim of breach of contract, the erroneous admission of the documents in Exhibits 1 and 2 prejudiced Lodge.

In the absence of this evidence, there is no other evidence and the judgment is not supported by substantial evidence.[1] Thus, we need not remand for a new trial. *See American Family Mut. Ins. Co. v. Millers*

*Mut. Ins. Ass'n,* 971 S.W.2d 940, 942 (Mo. App. E.D.1998).

The judgment is reversed.

KURT S. ODENFELD, P.J., and NANNETTE A. BAKER, J., concur.

---

1. Accordingly, we need not specifically address Lodge's first and second points.