

# In the Missouri Court of Appeals
## Eastern District
### DIVISION THREE

| | | |
|---|---|---|
| SANDRA FERKEL, | ) | No. ED100256 |
| | ) | |
| Respondent, | ) | |
| | ) | Appeal from the Circuit Court of |
| vs. | ) | Franklin County |
| | ) | |
| TIMOTHY FERKEL, | ) | Honorable Gael D. Wood |
| | ) | |
| Appellant. | ) | Filed: June 10, 2014 |

## I. INTRODUCTION

Timothy Ferkel (Husband) appeals the judgment of the Circuit Court of Franklin County dissolving his marriage to Sandra Ferkel (Wife) and dividing the parties' marital property. Husband argues the trial court erred in awarding Wife her entire pension because the court failed to value the asset. We affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Husband and Wife were married in 1985. In 2012, Wife filed a petition for dissolution of marriage. Following a bench trial, the trial court entered a judgment dissolving the marriage and distributing the marital property and debts. The trial court classified Wife's United States Postal Service pension as marital property and awarded her the entire pension.

Husband filed a motion requesting the trial court to set aside the judgment and order a new trial. Husband stated eight grounds for his motion but did not allege error in the trial court's actions relating to Wife's pension. The trial court denied the motion. Husband appeals.

## III. DISCUSSION

In his sole point on appeal, Husband argues the trial court erred in awarding Wife her entire United States Postal Service pension. Specifically, Husband contends the trial court misapplied section 452.330 because it failed to value the asset, thereby precluding meaningful review of the equitable distribution of the marital estate and depriving Husband of his equitable share of the property. We hold Husband has failed to preserve this alleged error for our review.

In a court-tried case, "neither a motion for a new trial nor a motion to amend the judgment or opinion is necessary to preserve any matter for appellate review." Rule 78.07(b). However, "[e]ven in a court-tried case, where a post-trial motion is not necessary to preserve an *otherwise properly raised issue* for appellate review, the appellant must make some effort to bring the alleged error to the trial court's attention." *Heck v. Heck*, 318 S.W.3d 760, 767 (Mo. App. W.D. 2010) (quotation omitted). "An issue that was never presented to or decided by the trial court is not preserved for appellate review." *Brown v. Brown*, 423 S.W.3d 784, 788 (Mo. banc 2014) (quotation omitted).

We have reviewed the record on appeal and find no indication that Husband raised any challenge below as to the trial court's actions regarding Wife's pension. The only evidence at trial concerning the pension was introduced during Husband's cross-examination of Wife:

Q. Ma'am, is there a pension that you will receive from the United States government?

A. Yes, sir.

Q. Okay. And have any benefits accrued to you up to the present time?

A. Yes, sir.

Q. And do you know what those benefits are at this time?

A. No, sir.

2

Q. And I assume that whatever those are you're asking for them?

A. Yes, sir.

Neither party attempted to introduce any other evidence as to the pension or its value.

After the trial court entered its judgment awarding the pension to Wife, Husband filed a motion to set aside judgment and for new trial. Although Husband stated eight grounds for his motion, he did not assert the error he now raises on appeal regarding the trial court's distribution of Wife's pension and failure to value the asset.[1] Given Husband's failure to present the issue to the trial court for its consideration, he failed to preserve it for appellate review. "With only rare exceptions, an appellate court will not convict a trial court of error on an issue that was never presented to the trial court for its consideration." *Heck*, 318 S.W.3d at 767 (quotation omitted).

"Although we may review an unpreserved claim for plain error, we rarely review for plain error in civil cases." *Bowman v. Prinster*, 384 S.W.3d 365, 372 (Mo. App. E.D. 2012) (quotation omitted). Husband has not asked that we review his claim for plain error, and we decline to do so. Point one is denied.

## IV. CONCLUSION

The judgment of the trial court is affirmed.

_____
Angela T. Quigless, Judge

Mary K. Hoff, P.J., and
Kurt S. Odenwald, J., Concurs.

---

[1] Husband does not assert error in this appeal based on any of the eight grounds listed in his motion for new trial.