

# In the Missouri Court of Appeals
## Eastern District

### DIVISION THREE

| | | |
|---|---|---|
| JOHN R. MENNERICH, | ) | No. ED112606 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | St. Charles County |
| vs. | ) | |
| | ) | Honorable John P. Banas |
| PATRICIA S. MENNERICH, | ) | |
| | ) | |
| Appellant. | ) | Filed: February 18, 2025 |

### Introduction

Roberta Peasel ("Sister"), acting as guardian for Patricia S. Mennerich ("Wife"), appeals the circuit court's judgment dissolving Wife's marriage to John R. Mennerich ("Husband"). Wife raises three points on appeal. In Point I, Wife argues the circuit court's judgment was not supported by the evidence because the record lacked any evidence Wife agreed to the purported settlement agreement, and Husband requested the circuit court resolve issues regarding maintenance and attorney's fees, demonstrating the agreement was incomplete. In Point II, Wife argues the circuit court misapplied the law by appointing a guardian ad litem ("the GAL") for her in violation of Rule 52.02(k) when Sister was her duly appointed guardian at the time of trial.[1] In Point III, Wife contends the circuit court's judgment dissolving the marriage misapplied the law because the GAL failed to perform his functions or protect her interests.

---

[1] All references are to Missouri Rules of Civil Procedure (2020).

This Court holds Wife preserved none of her claims for appeal because she did not object at trial or file a Rule 78.07 after-trial motion apprising the circuit court of these alleged errors. Further, Wife fails to articulate how she was prejudiced by the circuit court's alleged errors even if the claims were preserved or how a manifest injustice occurred if this Court conducted *ex gratia* plain error review. Points I, II, and III are denied.

The circuit court's judgment is affirmed.

### Factual and Procedural Background

Husband and Wife married on October 25, 1997. In January 2018, Husband filed a petition to dissolve the marriage. Wife did not appear at the default hearing on Husband's petition after being served. In April 2018, the circuit court entered a judgment dissolving the marriage, dividing the parties' property, and ordering neither party would receive maintenance. In July 2018, Sister was appointed Wife's temporary guardian and conservator due to Wife's psychiatric treatment and mental illness diagnosis. Sister, as Wife's conservator, obtained counsel ("Counsel") who moved to set aside the default dissolution judgment, which the circuit court granted over Husband's objection. The circuit court appointed the first guardian ad litem to represent Wife in the dissolution proceeding due to her incapacity. In September 2018, Sister received final letters of guardianship and conservatorship regarding Wife.

After the cause was reopened, Counsel filed a cross-petition for dissolution on Wife's behalf which included a request for maintenance. In March 2020, Counsel was permitted to withdraw representation. That same day, the circuit court ordered the first guardian ad litem be appointed to represent Wife as counsel in both the dissolution proceeding and the pending guardianship matter.[2] No party objected to this order. In March 2022, the first guardian ad litem

---

[2] The circuit court ordered the guardian ad litem services be paid by contributions from St. Charles County and marital estate proceeds as determined by the circuit court.

withdrew representation, and the GAL was appointed to represent Wife. No party objected to this motion or sought the GAL's removal.

A hearing was held on November 17, 2023, at which time Husband, Husband's counsel, Wife, Sister, and the GAL appeared in person. The circuit court noted Sister "was present as the guardian on behalf of [Wife]." Husband's counsel announced, "At this time the parties have come to an agreement. We are settled and we would like to spread the settlement on the record and make it enforceable." No party objected to this statement. Husband testified about the parties' agreement regarding the property division, including retention of the retirement, insurance, and credit card accounts in his name, and his assumption of all of the parties' debt. Husband agreed he was not seeking any award of attorney's fees and asked the circuit court to order each party be responsible for their own fees. Husband also testified he was asking the circuit court to deny Wife any maintenance.

On cross-examination, the GAL asked Husband about whether Wife intended to revert to her maiden name. Wife interjected to clarify she was keeping her married name. The GAL questioned Husband about the property Wife agreed to retain or be awarded, which Husband confirmed. The GAL asked, "And you understand that neither party is going to be awarded maintenance in this case? Correct[?] And that that is a final decision and not an appealable one?" Husband responded, "Yes." At the conclusion of Husband's cross-examination, the circuit court asked the GAL if he wished to present any witnesses on Wife's behalf, to which the GAL responded, "No, Your Honor." Neither Wife nor Sister objected or asked to be heard.

The circuit court then issued findings from the bench dissolving the marriage, stating the division of assets and debts were equitable and not unconscionable, and no maintenance would be awarded. No party objected to these findings. After the hearing, the circuit court issued a

3

memorandum summarizing the proceedings, which included the statement, "The parties appear and announced the cause is settled." Husband's counsel, the GAL, and Sister, as Wife's conservator, signed the memorandum. The cause was passed for the parties to submit signed settlement documents, which did not occur.

The circuit court subsequently entered judgment dissolving the marriage, which reflected Husband's testimony regarding the parties' settlement and required statutory findings. No post-trial motion seeking to challenge any portion of the circuit court's judgment was filed. This appeal follows.

## Error Preservation

### *Party Positions*

Initially, this Court must determine whether Wife preserved her points on appeal to determine the appropriate standard of review. *Interest of K.C.B.*, 689 S.W.3d 759, 762 (Mo. App. S.D. 2024). In Point I, Wife argues the circuit court's judgment was not supported by the evidence because the record lacked any evidence she agreed to the purported settlement agreement because no testimony was adduced from Sister in her capacity as Wife's guardian. Wife further contends Husband requested the circuit court resolve issues regarding maintenance and attorney's fees which demonstrated the agreement was incomplete.[3] In Point II, Wife argues the circuit court misapplied the law in appointing the GAL to represent her in violation of Rule 52.02(k) when the circuit court knew Sister was Wife's duly appointed guardian at the time of trial. In Point III, Wife contends the circuit court's judgment dissolving the marriage misapplied the law because the GAL failed to perform his functions or protect her interests.

---

[3] This point is multifarious in violation of Rule 84.04(d) because it "group[s] together multiple, independent claims rather than a single claim of error[.]" *Macke v. Patton*, 591 S.W.3d 865, 869 (Mo. banc 2019) (quoting *Kirk v. State*, 520 S.W.3d 443, 450 n.3 (Mo. banc 2017)).

Wife argues her points are preserved for two reasons. First, Wife maintains Rule 78.07 does not require an aggrieved party to file a post-trial motion in a court-tried case unless the allegations of error concern the judgment's form or statutorily-required findings. Second, Wife contends the circuit court is deemed to know the law, and hence, was aware of the issues related to the GAL's appointment and his performance when it entered the judgment. Wife contends this excused her from taking any further action except filing this appeal. Husband asserts Wife failed to preserve her points for appellate review because she never raised the alleged errors with the circuit court or the errors were invited because neither she nor Sister took any action or made any objection which would bring the errors to the circuit court's attention.

*Analysis*

"[T]o preserve an issue for review on appeal, a party must object at the time of the alleged error at trial[.]" *Baker v. Gonzalez*, 315 S.W.3d 427, 435 (Mo. App. S.D. 2010). "Rule 78.07 governs preservation of error through an after-trial motion, specifying which allegations of error must be raised in a motion for new trial or motion to amend in order to properly preserve them for appellate review." *Mallard Pointe Lot Owners Ass'n, Inc. v. Flynn*, 680 S.W.3d 566, 572 (Mo. App. E.D. 2023). "The purpose of a motion for new trial is to give the circuit court the opportunity to correct its own errors without appellate court intervention." *Smith v. Brown & Williamson Tobacco Corp.*, 410 S.W.3d 623, 640 (Mo. banc 2013). "An issue that was never presented to or decided by the trial court is not preserved for appellate review." *Ferkel v. Ferkel*, 434 S.W.3d 108, 109 (Mo. App. E.D. 2014) (quoting *Brown v. Brown*, 423 S.W.3d 784, 788 (Mo. banc 2014)). "It is well recognized that a party should not be entitled on appeal to claim error on the part of the trial court when the party did not call attention to the error at trial and did

5

not give the court the opportunity to rule on the question." *Brown*, 423 S.W.3d at 787 (quoting *Niederkorn v. Niederkorn*, 616 S.W.2d 529, 535–36 (Mo. App. E.D. 1981)).

"In a case tried without a jury, a motion for a new trial or a motion to amend the judgment is not required to preserve an issue for appellate review '*if the matter was previously presented to the trial court.*'" *Williams v. Williams*, 669 S.W.3d 708, 717 (Mo. App. E.D. 2023) (emphasis added) (quoting Rule 78.07(b)). However, a party must file this motion when the matters complained of were "*not* presented to the circuit court." *Id.*; *see also Mallard Pointe*, 680 S.W.3d at 572 (noting even when a post-trial motion is unnecessary "to preserve an *otherwise properly raised issue* for appellate review, the appellant must make some effort to bring the alleged error to the trial court's attention.").

Applying these principles, this Court finds Wife preserved none of her arguments for appeal. It is undisputed no post-trial motion was filed on Wife's behalf. Wife argues she was not required to file a Rule 78.07 motion because this was a court-tried case and she did not challenge the judgment's form or statutory findings. Wife's argument ignores Rule 78.07(b), which states a motion for new trial is unnecessary only "if the matter was previously presented to the trial court." Wife did not bring the matters she now complains about on appeal to the circuit court's attention for its consideration.

Regarding Wife's argument in Point I challenging the settlement agreement's propriety and whether it was spread upon the record, neither Wife, the GAL, nor Sister objected when Husband's counsel announced, "At this time the parties have come to an agreement. We are settled and we would like to spread the settlement on the record and make it enforceable." Sister, in her capacity as "Conservator," and the GAL signed the circuit court's memorandum summarizing the hearing, which stated, "The parties appear and announced the cause is settled." Because Wife

indicated no objection to the representation the cause was settled, acquiesced in this representation when the GAL and Sister signed the circuit court's memorandum stating the same, and failed to raise this issue in a Rule 78.07 motion, Point I is not preserved for appeal.

Wife's claims in Points II and III arguing the circuit court misapplied the law in appointing the GAL when Sister was her duly appointed guardian and GAL's representation was inadequate are also unpreserved. When the first guardian ad litem was appointed in March 2020, neither Counsel, Wife, nor Sister lodged any objection or moved to have this guardian ad litem removed on any grounds, including improper appointment. When the first guardian ad litem was replaced with the GAL in March 2022, Wife and Sister maintained their silence in the face of this appointment and accepted his services through the trial. At no point throughout the five-and-a-half-year period in which Wife was represented by the guardians ad litem did anyone object to the propriety or adequacy of their representation. Wife posits she did not have to file a Rule 78.07 motion raising these issues because the circuit court "is deemed to know the law, [and] the court was already aware of this issue when the judge made the GAL appointment." To apply Wife's logic would undermine established caselaw requiring parties to bring issues to the circuit court's attention rather than raise them for the first time on appeal. *Brown*, 423 S.W.3d at 787. Because no one objected to either guardian ad litem's appointment and no one raised the appointment or

7

adequacy of the representation in a Rule 78.07 motion, Points II and III are not preserved for appeal.[4]

Wife acknowledges in her reply brief this Court could review her claims for plain error. "Although we may review an unpreserved claim for plain error, we rarely review for plain error in civil cases." *Ferkel*, 434 S.W.3d at 110 (quoting *Bowman v. Prinster*, 384 S.W.3d 365, 372 (Mo. App. E.D. 2012) (quotation omitted). Wife does not apply the plain error standard of review nor does she explain how the circuit court's alleged errors resulted in manifest injustice requiring reversal. This Court declines to conduct plain error review *ex gratia*.

Points I, II, and III are denied.

## Conclusion

The circuit court's judgment is affirmed.

_____
Philip M. Hess, Presiding Judge

Gary M. Gaertner, Jr., J. and
Renée Hardin-Tammons, J. concur.

---

[4] Even if this Court were to find Wife's arguments were preserved—which they are not—Wife has not articulated how she was prejudiced by the circuit court's alleged errors. This Court reviews a court-tried dissolution action "for prejudice, not mere error, and [this Court] will not reverse any judgment unless the error materially affects the merits of the action." *Pickens v. Pickens*, 687 S.W.3d 712, 715–16 (Mo. App. S.D. 2024). Wife does not state which settlement terms she takes issues with nor does she explain how or why the settlement agreement reflected in the circuit court's judgment was inequitable or unconscionable. Wife does not explain what actions Sister would have taken to protect Wife's interests or what Sister would have presented at trial on Wife's behalf that the GAL neglected to present. Finally, when asserting the GAL provided inadequate representation, Wife does not explain what discovery should have been obtained, what other witnesses should have been called, what those other witnesses would have testified about, or what other measures she believes would have had an outcome-determinative impact on the hearing. Hence, Wife has not demonstrated she was prejudiced by any alleged circuit court error.